SUSAN E. BUSBY, Appellee, v. R. C. BUSBY ET AL., Appellants.

**Wills:** ESTATE DEVISED. A devise of property to testator's widow, conditioned only against remarriage, carries the absolute title.

**Same:** TRUST FUND. The bequest of a fund in trust for testator's widow, without condition except remarriage, passes title to the fund itself though only the income is to be paid over to her; and this would be true were the bequest in form of words of the income alone.

**Same:** CODICIL: CHANGE OF DONEE'S INTEREST. A codicil which merely directs the manner in which a devise in trust for the widow shall be secured does not have the effect to change the absolute bequest of the fund into a life interest therein.

**Estoppel.** An estoppel cannot arise as against either of several parties where all were mutually and innocently mistaken.

**Same:** PLEADINGS. An objection that matter pleaded as an estoppel is immaterial to the rights of the parties is sufficient to sustain a motion to strike the same, where the alleged plea contained no matter out of which an estoppel could arise.

*Appeal from Linn District Court.*— HON. B. H. MILLER, Judge.

THURSDAY, JANUARY 16, 1908.

ACTION in equity to construe the provisions of an instrument of will, and for general equitable relief. Trial was

had and a decree entered, to which defendants took exception, and they appeal.— *Affirmed.*

.W. *F. Fitzgerald,* for appellants.

.Voris & *Haas,* for appellee.

BISHOP, J.— It was conceded on the trial that George Busby, late of Linn county, died testate, and that his will was duly admitted .to probate in April, 1899; that he left surviving him plaintiff, his widow, and among other heirs at law the defendants B: C., Irwin, and Roy Busby, sons by a former wife. The will was executed in the year 1888, and in the first paragraph thereof the homestead, consisting of two lots in Marion, with buildings, etc., is devised by the testator to his wife, and in the paragraph there are no.words of limitation. In the second paragraph there is a bequest of $3,000 to his wife, and payment thereof is directed to be made at the expiration of one year after his death. The third paragraph reads as follows: " I also give and bequeath to my said wife the sum of five thousand dollars, to be held and guarded as in trust for my said wife by my executors, and invested by them as more particularly herein set out, and the use or income of the same paid to her as she may need for her support." The fourth paragraph is in these words: " These bequests above made in the first, second and third provisions of this my will is on the express conditions and . only to be paid to her or title passing, on her remaining my widow, and in case of her remarriage said property is to revert to my children, B. C., Irwin, and Roy Busby, real estate as well as the several sums above named." In the succeeding paragraphs, 5 to 8, inclusive, specific bequests are made to various persons. In the ninth paragraph it is said: " The remainder of my property of every kind and description after the above mentioned sums have been provided for, I give and bequeath to my three sons B. C., Irwin and Roy Busby,

however, upon the following conditions and terms, that is to say, that the business as now carried on under the firm name of Busby & Son as dealers in lumber, etc., shall be continued by the formation of a stock company . . . the capital stock to be not less than fifteen thousand dollars, said sum to be made up in this manner, the five thousand dollars directed to be invested or held in trust for my said wife as named in the third paragraph of this my will, shall be invested for her share or use, and she is to be the owner to that extent; the remaining ten thousand dollars to be taken out of the respective shares of my three sons above named,"etc. In the eleventh paragraph it is provided that the profits and losses of the stock company shall be received or borne, as the case may be, in proportion to the amount invested; " that is by my said wife on her five thousand dollars investment, and my said sons on their investment." In a codicil executed in the year 1889 it is recited by the testator that, having sold out his lumber interests, " I desire to make a change in my will in the following manner: (1) My wish and desire is, and I hereby direct, that the interests and shares as by me expressed heretofore shall be the same in dollars and cents except now that the Knowlton farm I give to my sons Irwin and Roy Busby to be charged to them at the rate of forty dollars per acre; 2. That the said five thousand dollars I heretofore gave to my wife, shall remain on the said Knowl-. ton farm as a lien in her favor, to draw interest at six per cent., that is to say, that this sum is set apart to her, of which she takes and to have the use and income therefrom only as long as she remains my widow," etc. In a further codicil executed in 1895 the provisions of the original will having relation to the formation of a stock company are revoked, and there are some changes made in the specific devises other than those made to his wife.

In her petition plaintiff, who has remained the widow of the testator, George Busby, sets forth that a controversy has arisen between herself and the defendants concerning their

respective rights under the will, and particularly as to the nature and extent of the interests granted to her by the first and third paragraphs of that instrument; and it is her contention that, in virtue of the first paragraph, she became the owner of the homestead property in fee, and in virtue of the third paragraph that the sum of $5,000 set apart and secured by lien on the Knowlton farm became her property in absolute right. The defendants in answer deny that plaintiff has more than a life estate, and allege that this is conditioned upon her remaining the widow of the testator. It is then alleged as a further and special defense that, after the probate of the will, all parties interested in the estate construed and understood the terms of the will to give to plaintiff a life estate only, and during the time of such understanding the defendants B. C. Busby and Roy Busby purchased of the defendant Irwin Busby his entire interest in said estate, including the remainder interest in the homestead property and the legacy of $5,000, " all of which was based on the fact that plaintiff had only such life estate, and she acquiesced in the same, and the rights of the said defendants B. C. and Roy Busby then became vested and fixed, and plaintiff became estopped," etc. On motion of plaintiff, the special defense so pleaded was stricken out as incompetent and immaterial. The case was then submitted to the court upon the will and the record of the probate thereof. The decree entered adjudged plaintiff to be the owner of the homestead in fee, subject only to the condition that she remain unmarried, and the bequest of the third paragraph was adjudged to be of an equitable ownership, subject to the same conditions as to remarriage, and to the further condition that the money should be held in trust, the income thereof only to be paid over to plaintiff during life, but on her death the trust fund to go to her heirs or legatees.

I. Giving attention to begin with to the devise of the homestead, we entertain no doubt of the correctness of the conclusion expressed in the decree. We are accustomed to

say that in giving construction to a will, the intention of the

1. WILLS: estate     testator, as disclosed by the language em-
   devised.          ployed in framing the instrument, must be ac-
cepted as the polar star.    Reading the first paragraph of the
will by itself, no one can doubt but that an estate in fee is
devised.    There are no words of qualification.    Passing on
to the fourth paragraph, it will be observed that the only con-
dition or qualification to which the devise is made subject is
that the devisee shall remain the widow of the testator.    And
there is no gift over to take effect upon her death.    It is only,
" in case of her remarriage, said property is to revert to my
children."    This being the only condition imposed upon the
title, it does not remain for the courts to go beyond and im-
pose further conditions.    So, also, to hold that less than an
absolute title was intended to be devised would be to attribute
to the testator an intention looking to intestacy on the hap-
pening of his death as far as such property was concerned.
This is true because under the fourth paragraph the gift over
was intended to have force only in case of remarriage.    And
under the ninth paragraph the devise to his three sons, the
defendants in this case, is only of the property remaining
after the specific devises — including those to the widow —
shall have been carved out of the estate.    The voice of au-
thority is against the presumption of partial intestacy by
intention; and where possible such construction will be given
a will presented as to work disposition of the entire estate.
The cases in which the rule is announced are generously col-
lected in 30 Am. & Eng. Ency. (2d Ed.) 668.    Now, it is
well settled in the authorities that a devise by a testator to his
widow, conditioned only against remarriage, carries title —
in fee if real estate, and absolute if personal property —
which is descendible to her heirs on her death, the condition
having been faithfully observed.    *Becker v. Becker,* 206 Ill.
53 (69 N. E. 49); *Redding v. Rice,* 171 Pa. 301 (33 Atl.
330); *Squier v. Harvey,* 16 R. I. 226 (14 Atl. 862); 1 Un-
derhill on Wills, sections 506–507.

II.   The bequest to the widow, as provided for in the third paragraph of the will, is also without limitation or condition expressed, save the condition against remarriage found in the succeeding paragraph.   It will be observed that the bequest is of the fund, directed to be placed in trust, although no more is to be paid over to the widow than the income to be derived therefrom.   And the evident purpose was to tie up the fund, so that, on breach of the condition, it would be available for use in satisfaction of the gift over to the sons.   But, subject to the condition of remarriage, the gift must be taken as absolute within the intention of the testator.   We should be required to so hold, even though the bequest in form of words was only of the use or income of the fund.   " The bequest of the interest, income, or produce of a fund to one  .  .  .   without limit as to continuance or time is a bequest of the *corpus* of the fund itself; and this effect will be given by construction, whether the gift be made directly to the legatee or through a trustee's intervention.   This holds especially true where the will makes no gift over, for a partial intestacy should not be presumed."   Schouler on Wills, section 507.

2. Same: trust fund.

III.   Counsel for appellants seem to think, however, that the character of the bequest as evidenced by the third paragraph of the will became changed into a mere life interest in virtue of the codicils subsequently executed.   In our view this contention is without force.   In the codicil executed in 1889 it is expressly declared in the first paragraph that the instrument shall not be given force to work a change in the interests or shares provided for in the original will, while the second paragraph goes no farther than to direct in what manner the trust fund shall be secured, and the codicil executed in 1895 does not in terms or by implication express an intention to change the bequest in favor of the widow as contained in the original will.   The words of revocation have relation only to the provisions of the original will respecting the manner and

3. Same: codicil: change of doner's interest.

form of the conduct of the business established by the testator, and which business at the time of the execution of the codicil had been abandoned.

IV.   It is insisted that the striking out from the answer the special defense set up was error.   Our conclusion is to the contrary.   Taken at the best, the allegation goes no

4. ESTOPPEL.

farther than to assert that upon first reading of the will both plaintiff and defendants took the view that thereby a life interest or estate only was devised to plaintiff, that, acting upon such understanding, the defendants B. C. and Roy Busby made purchase of the interests of their brother.   There is no allegation that the understanding of defendants was induced by anything said or done by plaintiff.   It is not alleged upon what defendants relied or were induced in making their purchase; and it is not alleged that plaintiff had knowledge that any such purchase was in contemplation or had been made.   In short, the parties were simply mistaken — mutually and innocently — as to their legal rights under the will.   Out of this it was clearly not possible for an estoppel to arise.   16 Cyc. 733, and cases in note.

But counsel further insist that the ruling upon the motion was error for that no sufficient ground was assigned. Addressing ourselves to the argument as made, it was com-

5. SAME: pleadings.

petent, of course, for defendants to plead matter in estoppel.   But the trouble is that no matter out of which an estoppel could arise was pleaded. The matter as pleaded was therefore improperly brought into the record, and, being in, was subject to be stricken on motion.   As we view the situation, it was enough to characterize the matter pleaded as immaterial to any right of the parties. But, in any event, it does not remain for defendants to wage a querulous assault upon the particular grounds assigned.   If matter existed upon which they might rely as constituting an estoppel, they should have taken leave to amend, but this they did not see fit to do.   Quite different might be the situation

had the pleading stated matter constituting in law a defense, but imperfect as to form or manner of statement, or without sufficient fulness to enable plaintiff to reply thereto.

What we have said foregoing disposes of the case, and it follows therefrom that the decree appealed from should be, and it is, *affirmed*.