J. W. BRUNK, BERTHA WRAY and EFFA MILLIGAN, v. BARNEY B. BRUNK, Administrator et al., and ELIZABETH BRUNK, Intervener, Appellants.

**Wills:** CONSTRUCTION : ESTATE FOR LIFE.. A devise of real and personal property to the wife while she remained testator's widow was in effect a devise to the widow for life or during her widowhood, and conferred upon her no estate of inheritance. And a further provision that she should take charge of everything and use it to the best of her knowledge and. ability, without bond or security, did not have the effect to render the estate one in fee simple.

**Same.** The subsequent provisions of the will devising a life estate to the widow, that in case she should remarry she should have one-third of the property and the balance should be divided among certain children, she to have the use of the estate prior to remarriage, did not give her an absolute power of sale but simply the right to take and use the property, which was consistent with the life estate granted, and did not convert it into a fee simple on the theory that there may not have been any property left at her remarriage to be divided.

**Costs:** APPORTIONMENT. Parties unsuccessfully resisting an application to set aside the sale of an administrator and for his removal, can not complain of an apportionment of the costs and the taxation of a portion against them.

*Appeal from Davis District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 24, 1912.

IN a probate proceeding to set aside an order previously made for the sale of real estate and for the removal of the administrator, the widow of decedent intervened, claiming to be the owner in fee simple of the real estate, the sale of which had been ordered by the court, and asking that the

will of her husband, Salem Brunk, the decedent, be construed and her rights thereunder be determined and fixed. There was a decree setting aside the order of sale, discharging the administrator, and ordering a sale of only so much of the property as should be found necessary to satisfy the debts of the estate and taxing a portion of the costs of the proceeding to the defendants and the intervener. The intervener appeals from the decree so far as it determines her rights in the estate, and the defendants appeal from the provision of the decree taxing to them a part of the costs. —*Affirmed.*

*John F. Scarborough,* for appellants.

*Taylor & Ramseyer,* for appellees.

McCLAIN, C. J.—For the disposal of the questions raised on this appeal, the following facts only seem to be material: In 1905, Salem Brunk executed his last will in the following terms:

First. I will all of my real estate and personal property to my wife Elizabeth Brunk, while she remains my widow.

Second. If she should fail to be my widow during her lifetime, she is to have one-third of all my real estate and personal property and the balance is to be divided equally between my children, with the exception of the following: My eldest son, J. W. Brunk, is to pay the other heirs out of his part for property received when he was married in his 21st year, four hundred dollars ($400.00) and for property and surety debts for him since $250.00, total $650.00. And my second son John H. Brunk is to pay out of his part $110.00, and my third son Ira Brunk, is to pay one thousand and three hundred dollars for furniture store I furnished him with in the year 1901 and on other property and security debts. Total $1,300. My wife is to take charge of everything and use to the best of her knowledge without any bond and security, and that all that

is left at her second marriage or death is to be divided as stated above if there is that much left, and if the property should decrease in the proportionment.

This will, on the death of the testator, was duly probated. On intervener's application for a construction of the will, the court held that, not having married, she was entitled to a life estate only in the land described in the will. Her contention is that she became the fee-simple owner, or, if not the owner in fee simple, that she had, in addition to a life estate, an absolute power of disposal of the property.

I. The first paragraph plainly amounts to a devise for life subject to a condition with reference to marriage. As she has not married, she has only a life estate unless the provisions of the second paragraph are to be so construed as to indicate an intention on the part of the testator that his widow shall take the property absolutely. The language of the first paragraph is not broader in its effect than a devise to the widow for life or during widowhood. She could not remain his widow after her death, and the devise therefore conferred upon her no estate which could pass by inheritance.

1. WILLS: construction: estate for life.

The contention for the widow is, however, that the provisions in the latter portion of the second paragraph show the intention of the testator to have been that she was to have such absolute power of disposal as would preclude any interest of the heirs in the property, and therefore would render the estate in effect one in fee simple. But we think the language used can not be given any such construction. The widow is authorized "to take charge of everything and use to the best of her knowledge without any bond and security." Evidently the power to take charge of and use the property is consistent with a life estate and inconsistent with an estate in fee simple, in view of preceding provisions of paragraph 2, which

plainly contemplate a distribution of the property among the testator's heirs after the marriage or death of the widow.

The cases of *Paxton v. Paxton,* 141 Iowa, 96, and *Hamilton v. Hamilton,* 149 Iowa, 321, especially relied upon by counsel for appellants, are plainly not in point. In both of these cases, it is conceded that even the expressed or implied addition of a power of disposal to a life estate does not show an intention to create an estate in fee simple, unless such power of disposal is so absolute and unlimited as to preclude any limitations of the interest of the devisee dependent upon the continuance of his or her life. Plainly, in this case, power of disposal absolutely without limitation or condition is not conferred, but only a power to take and use which is consistent with, rather than repugnant to, a grant for life.

II. The only language in the second paragraph suggesting a power of disposal in addition to a life estate is that which implies inferentially, as it is contended, that there may not be any property left on the second marriage or death of the widow to be divided as contemplated in the first portion of the second paragraph. This language would be persuasive if added to a provision authorizing sale of the property by the widow; but no such provision is to be found in any portion of the will. It must be conceded that the language is ambiguous but mere ambiguity in itself is not sufficient to convert what would otherwise be plainly the devise of a life estate into a devise in fee simple. It may be that, if the widow had remarried and taken one-third of the real estate remaining undisposed of at the time of the testator's death, the balance would not have been sufficient to enable the sons named in the second paragraph to pay to the other heirs out of their portions the sums required to be paid by them, and that testator intended some readjustment of the interest of the heirs in view of such contingency. However, this may

*2. SAME.*

be, we are satisfied that the will does not confer upon the widow any power in addition to that of taking charge of the property and using it; such power being consistent with and not in addition to that involved in the devise to her of a life estate. We think, therefore, that the court did not err in limiting the widow's interest to one for life, without any other right in the property than that conferred upon her by the devise of such interest.

The complaint as to taxation of a portion of the costs to the defendants is not well founded. Plaintiffs sought to have set aside a previous order of the court di-

3. COSTS: appor-      recting the sale of the entire property and
tionment.        the removal of the administrator. The de-
fendants resisted the granting of this relief and were unsuccessful. We see no reason why they should not pay a portion of the costs, and there is nothing in the record to indicate that the apportionment was unreasonable.

The decree of the trial court is—*Affirmed.*