PETER WILLIAMS, Appellant, v. LIZZIE F. WILLIAMS, Appellee.

**Wills:** CONSTRUCTION: LIFE ESTATE. In the construction of wills, courts will look to the intent of the testator as gathered from the instrument as a whole, rather than to a comparison of particular words and phrases with those of like import used by

others under other surroundings; the ordinary canons of construction are to be followed simply as aids in determining the testator's intent.

Where the testator gave his wife a life estate and upon her death his son to become the owner of a life estate, and upon his death the property to go to the heirs of his body, and if he died without issue then to his sisters, and limited his power of alienation except for the purpose of paying legacies, the son took only a life estate; the rule of Shelley's case not being controlling.

*Appeal from Johnson District Court.*—Hon. R. P. Howell, Judge.

MONDAY, NOVEMBER 18, 1912.

ACTION to recover possession of certain real estate and to establish plaintiff's title thereto. Defendant demurred to the petition, and, this demurrer having been sustained, plaintiff elected to stand on his petition, and judgment was rendered for defendant. Plaintiff appeals.—*Affirmed.*

*Ney & Bradley,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

DEEMER, J.—Plaintiff claims title to the real estate in controversy under and in virtue of the will of Peter Williams, deceased, from which we quote the following paragraphs:

Par. 1. I, Peter Williams, of the county of Johnson, state of Iowa, being of sound mind and disposing memory, do hereby make and publish this, my last will and testament, as follows, to wit: I will and bequeath to my beloved wife, Ellen M. Williams, a life interest in and to all real property of which I may die seised or possessed the same to use to her use and support, she to receive all rents, profits and emoluments, derived therefrom so long as she shall survive me, provided, however, it is my will and wish that my son, Peter Williams, shall be allowed to

rent the real estate in which my said beloved wife shall have a life interest as aforesaid, if my said beloved wife shall find and deem him a suitable and careful person to rent the same.

Par. 2. I will and bequeath that upon the death of my said beloved wife, that my said beloved son, Peter Williams, shall have and become owner in all real estate mentioned in the next preceding paragraph of a life estate therein and upon the death of my said beloved son the said property shall pass and go to the heirs of his body and become vested in them in fee simple, absolute, provided, however, should my said beloved son die without issue then the said real estate shall pass and go to his sisters, Lizzie F., Nellie H., and Jennie A., or to the survivors of them; it being my will that all of my real estate of whatever kind or nature of which I may die seised or possessed shall first be subject to the life estate or interest of my said beloved wife as provided in the first paragraph hereof, and upon her death shall pass to my beloved son, the said Peter, and that the said son shall have a life estate therein and that he shall not be privileged to mortgage or sell the said real estate or any part thereof except that he shall be allowed to mortgage the said real estate for the purpose of obtaining money with which to pay his sisters, Lizzie F., Nellie H., and Jennie A., the several sums bequeathed to them as provided in the next succeeding paragraph hereof.

Par. 3. Upon the death of my beloved wife, Ellen M., I will and bequeath that my son, the said beloved Peter Williams, shall pay to my beloved daughter, Lizzie F., the sum of twenty-five hundred dollars, and shall pay to my beloved daughter, Nellie H., the sum of two thousand dollars, and shall pay to my beloved daughter Jennie A., the sum of one thousand dollars, the said several sums bequeathed in this paragraph to be paid within one year from the death of my beloved wife, and to become a charge and lien upon all real estate left in my estate and passing into the hands of my said beloved son, Peter, as in the next preceding paragraph provided until said several sums are fully paid.

Par. 4. I will and bequeath that all the personal belongings of which I may die seised or owner or possessed, shall pass and become the property of my beloved daugh-

ters, Lizzie F., Nellie H., and Jennie A., in equal shares; it being my will that my said daughters shall take all and every kind of personal property of which I may die owner or possessed in equal shares; provided, however, I will and bequeath unto my said beloved son, Peter, all the work horses, harness, buggies, wagons and farming machinery of which I may die owner or possessed; said beloved children to become owners of the said personal property upon my death; and provided further that the piano which I may possess upon my death shall go to my beloved daughter, Jennie A.

Par. 5. I will and bequeath that my said beloved son, Peter Williams, shall pay all expenses of my last sickness and burial expenses and I will and request that my beloved daughters Lizzie F., Nellie H., and Jennie A., shall erect at their expense a monument at my grave which shall cost not less than six hundred dollars. I will and request that my beloved son, Peter Williams, shall pay the expenses of my last sickness and burial expenses of my beloved wife, Ellen M.

The argument is, that by the second paragraph of the will either under the rule in Shelley's case, or by reason of the language of the clause itself, plaintiff took an estate in fee, subject to a life estate in his mother, and that all subsequent clauses are void for repugnance or operated as a restraint upon alienation and should not be considered. For appellee it is contended that the rule of Shelley's case is not applicable to wills, or, if applicable, it is not a rule of property, but may perhaps be considered in arriving at the testator's intent, and that, in any event, the rule to be applied here is to arrive at testator's intent from an examination of the whole instrument. It is useless to enter into the field of inquiry regarding the law of this state applicable to such wills. The question was fully examined in the late case of *Westcott v. Meeker*, 144 Iowa, 311, and we there held, following the Massachusetts court, that:

The rule for the construction of wills followed by courts in recent times is to ascertain the intent of the tes-

tator from the whole instrument, attributing due weight to all its language, and then give effect to that intent unless prevented by some positive rule of law, rather than to try to make the interpretation of particular words or phrases in one instrument square with that before given to somewhat similar words used by some one else under other surroundings to accomplish a more or less different end. *McCurdy v. McCallum,* 186 Mass. 464 (72 N. E. 75). A few combinations of words have become so fixed in their meaning by long and unvarying use as to be rules of property. But ordinary canons for the interpretation of wills, having been established only as aids for determining testamentary intent, are to be followed only so far as they accomplish that purpose, and not when the result would be to defeat it.

Going back now to the will, it will be observed from a reading thereof that testator expressly limited plaintiff's estate to one for life, and put it out of his power to sell or dispose of the fee. In at least two clauses of the will testator said that he should have but a life estate, and express limitations were put upon his power of alienation. It is manifest that the devise of the remainder to the heirs of his body, and in default of issue, to others was not intended simply as a limitation, but the words creating the estate were manifestly intended as words of purchase. The rule in Shelley's case is not controlling, and no other rule should be recognized which will defeat testator's clearly expressed intent.

The judgment must be, and it is,—*Affirmed.*