JOHN PRICE et al., Appellants, v. VALLIE PRICE EWELL et al., Appellees.

**WILLS:** Construction—Life Estate or Fee. The following will
1   grants to the wife, she remaining unmarried, a life estate only: "I do give and bequeath to my wife . . . the entire residue (after payment of my debts) of my property, personal and real, . . . to have and to hold in her exclusive right so long as she shall remain unmarried . . . and in case of her marriage, my estate, personal and real, shall be divided . . . one-third to my wife and the remainder to my children. In case of the death of my wife . . . before there shall have been a division of my estate, as above provided for, I give and bequeath said estate to my children."

**PARTITION:** Appeal—Trial De Novo—Determination of Shares—
2   Remand. The trial *de novo* of partition proceedings involves the

determination of the respective shares without remand to the lower court.

**PARTITION:  Tax Sale—Reimbursement.**  Owners, on partition, are
3  entitled to reimbursement out of the property as a whole for the
amount necessarily paid to effect redemption from tax sale.

*Appeal from Lee District Court.*—HON. H. BANK, JR., Judge.

THURSDAY, FEBRUARY 18, 1915.

SUIT for partition of real estate. The plaintiff was adjudged to have no interest therein and his petition was dismissed. He appeals.—*Reversed.*

*T. B. Snyder* and *Leggett & McKemey,* for appellants.

*J. R. Frailey,* for appellees.

EVANS, J.—The defendant Storms is the grantee of his co-defendants and as such interposes the only defense made. The plaintiff Rosa Price is the wife of John Price and has no
interest in the subject of the controversy except as such wife. Both parties to the controversy, viz.: plaintiff John Price and defendant C. W. Storms, rest their claim of title upon the will of Patrick Price, the former owner of the property. Patrick Price died testate in September, 1888, seized of the property. He left surviving him his widow Gemima and four children. Two of his children, Robert and John, were by a previous marriage. The other two children, Charles and Vallie, were children of the wife Gemima. After the death of Patrick, Robert died intestate, leaving no widow or child surviving. The will of Patrick contained the following provision:

1. WILLS: construction: life estate or fee?

"I do give and bequeath to my beloved wife, Gemima Price, my homestead, consisting of house and two and one-half lots on Fifth street, Fort Madison, Iowa, and the entire residue of my property, personal and real, after my funeral expenses shall have been defrayed and all my debts paid, to have and

to hold in her exclusive right so long as she shall remain unmarried, provided, only, that if either of my sons, Robert, Sandy, John or Charles Anderson, shall marry, and shall so desire, he shall have the privilege of building upon any vacant portion of the homestead, and shall have the privilege of occupying and using such building as a home, and provided that in case of her marriage, my estate, real and personal, shall be divided as follows:

"One-third to my wife, Gemima, and the remainder divided equally among such of my children as shall have lived respectable lives; but if either of my sons above named shall have been convicted of a felony or if either of my daughters shall have been proven guilty of lewdness, such son or daughter shall thereby forfeit all right of inheritance under this will.

"In case of the death of my wife Gemima Price, before there shall have been a division of my estate as above provided for, I give and bequeath said estate to my children to be equally divided among such of them as shall have maintained reputable lives as above defined."

It is the claim of the plaintiff that by this will the widow Gemima took only a life estate in the property; whereas, the defendant Storms contends that the widow Gemima took a fee simple estate under such will, which she later devised by her own will to this defendant's grantors; and this presents the only disputed proposition in the case. The trial court held that the widow Gemima took a fee simple estate under the will of Patrick. Such holding cannot be sustained. A devise of real estate to a widow to be held during her widowhood is a life estate subject to being terminated by the marriage of the widow. This was the rule at common law and it has frequently been applied by this court. The recent case of *Brunk v. Brunk,* 157 Iowa 51, is decisive of the question involved. To the same effect is *Convey v. Murphy,* 154 Iowa 421; *Archer v. Barnes,* 149 Iowa 658. Appellee places special

reliance upon *Busby v. Busby,* 137 Iowa 57, and contends that it rules the case before us. By the will involved in the *Busby* case one paragraph thereof purported to convey to the widow a fee simple estate. A subsequent paragraph purported to attach to the devise a condition subsequent whereby the devisee was required to remain the widow of the testator. Such condition was performed by the devisee. The will did not purport to devise any remainder over after the termination of the alleged life estate. Giving effect to the express terms of the will, it was held in that case that the provision as to widowhood was imposed as a condition upon the devise rather than as a limitation upon the duration of the estate. The will purported to devise all of the testator's estate and this apparent purpose of testator to dispose of all of his estate would have been defeated by a contrary holding. In the case before us the will gave the property to the widow "to have and to hold in her exclusive right *so long as she shall remain unmarried."* The remainder over after the termination of the life estate was fully disposed of to other parties.

II. It is averred in plaintiff's petition that he is entitled to ten twenty-fourths of the property involved; that is to say that he took six twenty-fourths under his father's will

2. PARTITION: appeal: trial *de novo:* determination of shares: remand.

and two-thirds of six twenty-fourths by inheritance from his deceased brother Robert, he being a brother of the full blood, whereas the other brother and sister were of the half blood only. These facts appear by stipulation and no issue has been made upon this basis of division except by a general denial and by the plea that the will of Patrick devised a fee simple estate to Gemima. It is suggested in appellee's argument that in the event of a reversal the case should be remanded for a rehearing as to the respective shares of the parties. That question, however, is necessarily involved in the case as made and is here for trial *de novo.* Upon the submission of the case in the court below the plaintiff was entitled not only to the determination of the fact that he had an inter-

est but also the extent of such interest, and was entitled to a decree confirming shares accordingly. And this measures the relief to which he is entitled upon a trial *de novo* here.

III. In January, 1912, the plaintiff paid $62.41 in redemption of the property from tax sale. His right to a reimbursement therefor was recognized in the court below and should be recognized in the final distribution of funds. It is our conclusion that upon the record before us plaintiff is entitled to a decree confirming his share at ten twenty-fourths of the property involved. He is also entitled to a charge against the property as a whole for $62.41 with interest thereon from January 7, 1912.

**3. PARTITION:** tax sale: reimbursement.

The decree below is accordingly—*Reversed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.