### In re Estate of John S. Beaty, Deceased, et al.

**WILLS:** Construction—Life Estate or Fee: A devise clearly importing an intention to grant an estate (a) for life, or (b) during the widowhood of the wife, is not converted into a fee by the further grant of *unlimited power of sale.* After all is said and discussed, the lawful intent of the testator, to be arrived at by

weighing every part of the will, must prevail over any arbitrary or technical rule of construction.

WILLS: Remainders—Life Devisee Selling Property—Effect. A devisee for life who sells the property, or changes the form of it, pursuant to a power to do so, is not thereby invested with any greater title to the newly acquired property than he formerly had to the property sold. The right of the remainderman instantly attaches to the newly acquired property.

WILLS: Remainders—Death of Life Devisee—Identification of Property. Upon the death of the devisee for life, the remainderman is entitled to the property. *Held,* a certain note and bank deposit standing in the name of the life devisee, at the time of her death, belonged to the remainderman, it appearing that the life devisee never had any property except what she took under the devise for life.

*Appeal from Washington District Court.*—HON. HENRY SILWOLD, Judge.

SATURDAY, NOVEMBER 27, 1915.

JOHN S. BEATY died testate, leaving surviving him his widow, Sarah A. Beaty, and several direct heirs. Sarah A. Beaty, the widow, did not marry again, and died intestate, on December 21, 1910. Rebecca Sanford was the duly appointed administratrix of both estates. On November 29, 1913, the administratrix filed a single final report as applicable to both estates and asked for its approval and for her discharge from her trust in both cases. To this report, the children of two of the deceased sons of John S. Beaty and Sarah A. Beaty appear, and object to the distribution of the residue of the estate as reported by the administratrix, and allege their own right to share therein. The trial court overruled the objections and directed that distribution be made upon the basis stated by the administratrix. The objectors appeal.—*Affirmed.*

*Brookhart Bros.,* for appellants.

*Wilson & Wilson, M. W. Bailey* and *C. A. Dewey,* for appellees.

WEAVER, J.—The will of John S. Beaty is in words as follows:

"Knowing the uncertainty of life and the certainty of death, I, John S. Beaty of Washington, Washington county, state of Iowa, being enfeebled in body and of sound disposing mind and memory, and of full age, do make, ordain, publish and declare this my last will and testament, hereby revoking all former wills by me at any time made.

"1. I desire, so soon after my decease as practicable, that my burial expenses and charges of last sickness be paid and, so soon thereafter as may be convenient, that all my just debts be paid.

"2. And should my beloved wife survive me, I desire at her decease that she be laid by my side, and that our children erect over our remains a suitable stone to cost about three hundred dollars.

"3. I give, devise and bequeath to my beloved wife, Sarah A. Beaty, all my estate both real and personal in whatever it may consist, or wherever situated, at my decease, to be by her used, controlled and disposed of so long as she remains my widow, precisely the same as I might do, were I living; and giving to my said wife full power to sell, exchange, invest and reinvest the same in the same manner as I might do if living.

"4. At the decease of my wife, or in the event of her contracting a second marriage, and after the payment of the legacies hereinafter named, I direct that the residue of my estate be distributed among my children herein named as follows, to wit: After deducting eight hundred and fifty dollars, which amount I have heretofore advanced to my son Henry Beaty, I give and bequeath to my said son two shares, or such an amount as will be equal to double the amount received by any one of my children. After the payment of said legacies and the payment of my son Henry's share, as above stated, I desire and direct that the remainder of my

estate be distributed equally, share and share alike, among my daughters, Mariam McMasters, Rebecca Beaty and my son David Beaty, except two hundred dollars, which I have advanced to him, which amount I direct to be deducted from his share. I have heretofore given my sons Swain Beaty and W. S. Beaty their full share and I direct that Swain and the heirs of W. S. Beaty receive each the sum of five dollars. ·

"I hereby appoint my wife, Sarah A. Beaty, executrix of this my last will and direct that she be not required to give bonds."

Without setting out the final report in full, its substance and effect were as follows: That at the time of the death of John S. Beaty, his widow had no property or estate in her own right; that under the will, she took a life estate only in the property of which her husband died seized and possessed, but .that to such life estate was added the power to sell the property and invest or reinvest the proceeds; and that, upon her death, all of said property and the proceeds thereof in her hands became subject to distribution under the will of her husband, and that no part thereof passed to her administratrix or to her heirs. It will be observed, by reference to the fourth clause of the will, that the testator states that he had already given to his sons, Swain Beaty and W. S. Beaty, their full share in his estate, and he makes no provision for them beyond a merely nominal legacy. These two sons are both deceased, and their surviving heirs are the objectors to the final report. The objectors do not claim anything for themselves under the will of their grandfather, but ground their claim upon the theory that the effect of the will was to vest the absolute title to all of his estate in the testator's widow, their grandmother, and that, as she died intestate, they are entitled to share in whatever property she left, as representatives of her deceased sons, Swain Beaty and W. S. Beaty. We will not here go into any of the various items of which the estate of the testator was composed.

It is manifest, from what we have said, that the central question for determination is the construction to be placed upon the will of John S. Beaty, and especially the effect to be given the provision made therein for the widow. Appellants contend that it clearly falls within that class of our decisions of which *Meyer v. Weiler,* 121 Iowa 51, *Will of Weien,* 139 Iowa 657, and *Schricker v. Schricker,* 151 Iowa 309, are types; while the appellees insist that it belongs in that other class of which *Podaril v. Clark,* 118 Iowa 264, *Spaan v. Anderson,* 115 Iowa 121, and *Steiff v. Scibert,* 128 Iowa 746, are types.

1. WILLS: construction: life estate or fee.

Counsel for appellant have, with much industry, marshalled the cases of the first class, extracting therefrom the verbal form of the devises which have been held to amount to absolute gifts, and exhibiting what they claim to be the close parallelism between them and the devise to the widow in this case. Devises equally similar in form could have been found in *Spaan v. Anderson, supra, Steiff v. Seibert, supra, Podaril v. Clark, supra, Boekemier v. Boekemier,* 157 Iowa 372, *Brunk v. Brunk,* 157 Iowa 51, 52, *Richards v. Richards,* 155 Iowa 394, *Simpkins v. Bales,* 123 Iowa 62, *Kierulff v. Harlan,* 150 Iowa 671, *Pool v. Napier,* 145 Iowa 699, *Hoefliger v. Hoefliger,* 132 Iowa 575, *Wheeler v. Long,* 128 Iowa 643, *In re Proctor's Estate,* 95 Iowa 174, and others to the same general effect, where a life estate only is held to have been passed. Whether all our decisions upon this and kindred questions may be harmonized, it is unnecessary now to consider. It may be said, however, that, notwithstanding the apparent general similarity in form of devises which we have held to create a fee in the devisees with others which we have held to create a life estate only, it is still true that many, if not most, of the cases are reasonably and fairly distinguishable by reason of some provision or clause appearing in one and not in another, from which, in connection with the rest of the instrument, the real intent of the testator is found. It may further be said that, through all the cases in which this vexed question has

been argued up and down, there runs a thread of conceded principle that the real bone of contention is not so much the true rule of law as its application. That principle has been well and clearly stated by Deemer, J., in *Webb v. Webb,* 130 Iowa 457, 460, where we had to consider whether the addition of power to dispose of property devised by words importing a life estate had the effect to vest the devisee with a fee. After quoting the testator's language, it is there said:

"This, of course, gave the widow implied power of disposition during her life, but it also limited her estate therein to one for life. The presumption is that the testator intended to pass his entire interest in the property to the legatee named. But he had the right to give but a life estate therein, with remainder over, if he saw fit, and also to confer upon the wife power of absolute disposition. . . . Under our holdings the widow took but a life estate, with unlimited power of disposition added, as a separate gift; and, if she failed to exercise this power, the remainder upon her death passed to the children. . . . There is some confusion in our holdings on this subject, but the later cases announce the rule above stated."

We shall not stop to review the many cases called to our attention by counsel for appellant. They have been threshed over too many times to permit a repetition of the process in this case to be of any benefit to anyone. That this case presents features which take it out of the class of border line cases, over which division of opinion has arisen, and put it in the list of those where the court has consistently held the devises to be of life estate only, we think is quite clear. For example, it will be noted by reference to the will that, while the testator gives his wife broad power of disposition of the property devised, it is still strictly limited by the words, "so long as she remains my widow". This is a condition which does not appear in any of the wills which the court has heretofore construed in harmony with appellant's contention.

That it is a very material, and in fact determining, factor in construing the will at this point is established by the authorities beyond question. *Brunk v. Brunk,* 157 Iowa 51, 52; *Price v. Ewell,* 169 Iowa 206; *Mohn v. Mohn,* 148 Iowa 288; *Archer v. Barnes,* 149 Iowa 660; *Koonz v. Hempy,* 142 Iowa 337; *Mulberry v. Mulberry,* 50 Ill. 67; *Green v. Hewitt,* 97 Ill. 113; *Rose v. Hale,* 185 Ill. 378; *Kratz v. Kratz,* 189 Ill. 276; *Stivers v. Gardner,* 88 Iowa 307. See cases cited in note to *Fidelity Trust Co. v. Bobloski* (Pa.), 28 L. R. A. (N. S.) 1093, 1099.

The conclusion that such was the clear intent of the testator in this case is strengthened and made clear by the care which he takes to specifically provide for the payment of legacies and the distribution of his estate, all of which is postponed until the death of his wife. It is a fundamental rule, and the only just and reasonable rule, that the lawful intent of the testator shall be ascertained and given effect, and that, to ascertain the same, the will must be read as a whole, and all parts thereof given effect, if possible. The intent must prevail over any merely arbitrary or technical rules of construction. *Richards v. Richards,* 155 Iowa 394, 396; *Williams v. Williams,* 157 Iowa 621; *McTigue v. Ettienne,* 155 Iowa 450, 451.

It is somewhat difficult to understand how one can read this will, giving attention to all its parts, guided only by the purpose to ascertain the real intent which the testator sought to express, and reach any other conclusion than that he intended to give all his property to his wife for life or during her widowhood, and no longer. That being found, it puts an end to the controversy; for the intent was a lawful one, and indeed a very just one. It devotes his whole estate, so far as it is necessary, to the care, keeping and comfort of his wife during her lifetime or widowhood, and then provides for the distribution of the remainder to his other devisees. The courts should seek to find and make effective the manifest lawful testamentary disposition of an estate, instead of re-

sorting to arbitrary or technical rules of construction which nullify it; and with this purpose kept consistently in view, very few of the controversies over devises and bequests present any real difficulty of solution. That this testator intended to create a life estate in favor of the wife we can have no doubt, and that the form of the devise is sufficient to effect that intent is equally clear.

II. The next proposition is that, even though the will did not give the property to the wife absolutely or in fee, yet, by the power of disposal given her, she had authority to defeat the remainder over to the other devisees; **2. WILLS: remainders: life devisee selling property: effect.** and it appearing in the record that she did in her lifetime sell and convey the property and convert it into money, this had the effect to extinguish any claim or interest held by the remaindermen and the money and other property, if any, in her hands, arising from or obtained from the sale or disposal of the property derived from her husband, became hers, freed from the remainder, and upon her death it passed to her administrator as part of her own estate. But this cannot be. The will, which is the source of whatever title she had, specifically gives her the power to ''sell, exchange, invest and reinvest''. In other words, in order that changing conditions and needs of the future might not unduly restrict or embarrass his widow in the use of the property given her for life, he empowered her to change its form by sale or exchange and to invest and reinvest the proceeds. Such change in the form of the estate or in the nature of its investment as she thereafter made is referable to the power thus given her, and a change in the form or identity of the property could have no effect to enlarge or change the nature of the widow's title thereto. *Baldwin v. Morford*, 117 Iowa 72; *Dickey v. Barnstable*, 122 Iowa 572.

Of course, the purchaser of the property from the widow holds it free from any claim of the remaindermen, and in that sense the remainder is cut off or defeated; but it imme-

diately attached to the money or property in her hands which had been received in consideration of such sale.

III. It is the claim of appellants that, even if the court holds against them on the two principal propositions already considered, the administratrix should be charged with the amount of a certain promissory note in her hands payable to Sarah A. Beaty for the sum of $1,000, and the further sum of $651.33, found in the bank to the credit of said deceased. These funds, it is said, have in no manner been traced to the estate or property left by John S. Beaty. While the facts as to the source from which the widow obtained these items are not definitely conceded or ascertained, sufficient is shown to leave the question in very little doubt. It is conceded that, at the death of John S. Beaty, his surviving wife had no estate or property in her own right. Nothing is shown as to what income or profit she received from the property of her husband's estate during the term of her widowhood. There is no evidence that she purchased or acquired any property of any kind or in any amount from any source other than the use of the estate left by her husband. It is conceded that she sold and disposed of real estate left by her husband to the amount of $18,300; that she distributed a little less than $5,000 to the remaindermen during her lifetime; and that, at her death, the property in her possession, including the two items of $1,000 and $651.33, and the amount she had distributed, aggregated materially less than the principal sum she had received. Such being the showing, the trial court did not err in holding that the administratrix should account for all the moneys mentioned as belonging to the estate of John S. Beaty and in directing their distribution according to the terms of his will.

The judgment below is therefore—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.

3. WILLS: remainders: death of life devisee: identification of property.