WILLIAM VAUGHN et al., Appellants, v. MARY CONVERSE et al., Appellees.

WILLS: Fee (?) or Life Estate (?)    A devise of real property to testator's wife during widowhood, with proviso that, in case of the wife's remarriage, the property should absolutely pass in certain fractional parts to the wife and children, *but with no provision for the distribution of the remainder in case the wife died without remarriage*, creates a fee, subject to being divested by a condition, to wit, remarriage. A confirming codicil to such a will, granting to the wife full power to sell, works a suspension of the condition in case of a sale by the wife during her widowhood.

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

OCTOBER 25, 1918.

SUIT in partition of lands. The plaintiffs aver that they are the owners of an undivided six tenths of such lands, and that the defendants are the owners of an undivided four tenths thereof. The defendants deny that plaintiffs have any interest in the lands, and by a cross-bill claim to be the absolute owners thereof. There was a decree for the defendants, and the plaintiffs appeal.—*Affirmed*.

*W. G. Vander Ploeg* and *Burrell & Devitt,* for appellants.

*L. D. Teter,* for appellees.

EVANS, J.—The respective rights of the parties are de-

pendent upon the construction of the will of John Vaughn, who died in 1897. The defendants are children of John Vaughn by his last marriage. The plaintiffs are children and representatives of deceased children by former mar-·riages. John Vaughn died testate, leaving his widow surviving. The material portion of his will was as follows:

"First. After the payment of all my just debts I give and devise all my real and personal property of every kind and description to my wife, Hannah E. Vaughn, to have, hold and control the same so long as she remains my widow:

"Second. And I further will that all my life insurance that I may die seized of shall go to said wife.

"Third. In case my wife, Hannah E. Vaughn, shall marry again then in that case I will and devise that my said wife shall receive one third of all my real and personal property, and the residue thereof shall be equally divided between my children."

This will was duly executed in 1887. In 1897, he executed the following codicil thereto:

"I, John Vaughn, of Knoxville, Marion County, Iowa, a farmer, do make this my codicil, hereby confirming my last will, made on the 12th day of June, 1887, and do hereby give and grant unto my said wife, Hannah E. Vaughn, the power to sell and convey my real estate and execute a deed for the same, the same as I could do if living."

The question presented is whether the widow took a fee title or only a life estate. For the appellees, it is contended that the case is ruled by *Busby v. Busby,* 137 Iowa 57, *In re Will of Weien,* 139 Iowa 657, and kindred cases; whereas the appellants contend that the case is ruled by *Brunk v. Brunk,* 157 Iowa 51, and *Price v. Ewell,* 169 Iowa 206.

The line of distinction between the two lines of cases is narrow. It is, nevertheless, fairly marked. The guiding

criterion is the intention of the testator, as it can fairly be gathered from the terms of the will. In the *Busby* case, the will devised to the wife, with a further proviso that she should remain unmarried. In the event that she remained unmarried, no provision was made for the disposition of the remainder after her death. We found that the intent of the testator was to devise a fee, subject to the condition. In the *Brunk* case, the will devised the property to the wife "so long as she remains my widow." It also devised the remainder of the estate "after the remarriage" and also "after the death" of the wife. The same was true in *Price v. Ewell*, 169 Iowa 206. In those cases we found that the manifest intent of the testator was to devise to the wife a life estate only. The disposal of the remainder after the death of the wife was a suggestive indication of such intention. In the case before us, the will devises the remainder in the event of the *remarriage* of the wife, but makes no disposition of the remainder in the event of the *death* of the wife without remarriage. We think, therefore, that the case must be classified with the *Busby* case, and that it must be found that the testator intended to devise a fee, subject to the condition against remarriage. See, also, *Staack v. Detterding*, 182 Iowa 582. It is pertinently suggested by the appellants that, if it was the intent of the testator to devise a fee rather than a life estate, there was no occasion for the codicil to confer upon the wife the power to sell and convey the real estate. The suggestion is not without its significance. But, in view of the fact that the will burdened the wife's fee with a condition, breach of which would defeat the title, the codicil can fairly be construed as intending to suspend such condition in favor of a purchaser, and to permit a sale and conveyance during the widowhood without subjecting the title in the hands of the purchaser to the menace of the condition. The conclusion thus reached by us renders it un-

necessary that we discuss other features of the case pertaining to a conveyance of gift made by the widow during her lifetime to her own children. The decree entered below is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.