PHELPS MORTGAGE COMPANY, Appellee, v. R. B. THOMAS et al., Appellants.

IN RE ESTATE OF SIMON DEWHIRST.

**WILLS: Estate Created—Qualified Fee (?) or Life Estate (?)** A devise of real property to testator's wife, followed by a subsequent clause to the effect that she should not, during widowhood, be restricted in the control or sale of the property, but that, in case of remarriage, the property should be at once divided in a named manner, but with no provision for the distribution of the remainder *in case the wife died without remarrying*, creates a fee which can be defeated only by the remarriage of the wife.

**WILLS: Construction—Precatory Words.** The words, "I desire and request," when employed in connection with a bequest, are ordinarily given the force and effect of a specific mandatory direction, even though followed by a proviso to the effect that the be-

quest shall be paid "as soon as the money can be raised * * * without sacrifice or detriment to the family living."

**WILLS: Rights of Legatees—Charge on Property.** A bequest is not a
3  lien upon testator's real estate when not made so by the will, and
when the will simply directs the executor to provide the funds with
which to pay said bequest.

**EXECUTORS AND ADMINISTRATORS: Accounting and Settlement—**
4  **Proceeding.** One who has had due and legal notice of the time and
place of hearing on an executor's final report, and who has de-
faulted, may not resort to a *motion* to set aside the final order of
approval and discharge, and to open up the proceedings for the cor-
rection of a mistake.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

NOVEMBER 14, 1922.

Two causes are submitted together: One, an action in equity, to quiet title, in which the defendants, by cross-petition, seek to establish an interest in the premises in question; the other, an application to vacate and set aside the order of approval of a final report in the matter of the estate of one Dewhirst. The trial court sustained a motion to strike said application in the probate matter, and entered a decree for the plaintiff in the equity cause. By agreement, the said causes were consolidated for trial, and submitted upon an agreed statement of facts.— *Affirmed.*

*L. T. Shangle* and *D. C. Waggoner,* for appellants.

*I. C. Johnson,* for appellee.

FAVILLE, J.—Simon Dewhirst died November 17, 1914, sur-
vived by his widow, Eliza Dewhirst, and two daughters and a
son by his marriage to said widow. He also left surviving him
three daughters by a former marriage. De-
cedent left a will, which was duly admitted
to probate on the 20th day of April, 1915, said
will being as follows:

1. WILLS: estate
created: quali-
fied fee (?) or
life estate (?)

"1. It is my desire that out of my estate, first, all my

proper debts be paid, including funeral expenses and physicians' and nurses' charges for attendance during my last sickness.

"2. To my beloved wife, Eliza Dewhirst, I give and bequeath all my property, real estate and personal property of every description whatsoever with conditions only as stated in No. 3, following.

"3. Provided that the said Eliza Dewhirst shall not in any way whatever be restricted in the control and management of the said property, either real or personal, in buying, selling, or in investing the proceeds of the same, just so long as she remains my widow, provided that if she shall again marry, then there shall at once be an accounting and she shall be allowed to retain one third of the said property, which shall be duly set over to her and the remaining two thirds shall be divided equally among our three children, to wit: Mabelle Taub, née Dewhirst, Marguerite Dewhirst and Howard Dewhirst.

"4. It is my desire and request that as soon as the money can be raised out of my estate without sacrifice or detriment to the family living, one hundred ($100.00) dollars to be given to each of my three daughters by a former marriage, their names and present abodes are as follows: Mrs. R. B. Thomas, New York; Mrs. Gertrude Bergman, Youngstown, Ohio; Anna Laughlin, Cleveland, Ohio. And the executrix of this will is hereby directed to provide the money and make the said payments."

The widow was appointed as executrix of said will, and filed her final report on May 18, 1916. Upon application, the court entered an order fixing the method of service of notice and the date of hearing on said final report, and notice was posted in accordance with said order; and on September 25, 1916, the court entered an order approving said report and discharging the executrix. The widow died, intestate, March 27, 1917, without having remarried, survived by her three children, the issue of the marriage to the testator; and in the spring of 1920, the said children conveyed said premises to the appellee. Subsequently, this action was brought, to quiet title in the appellee.

I. The first question for our consideration is the proper

construction of the will of the said testator and a determination of the question as to whether the surviving widow of the testator took a life estate in said premises or the title in fee simple. The provisions of the will are quoted above, and it is to be noticed therefrom that, by the first paragraph of the will, the testator gives and bequeaths to his wife all real and personal property, of every kind and description whatsoever, with conditions only as stated in the following paragraph of the will. In said paragraph, we find two provisions: First, that the widow shall not be restricted in the control and management of the property, in buying, selling, and investing the same, so long as she remains the widow of the testator. The second provision is that, if the surviving widow shall marry again, there shall at once be an accounting, and that she shall retain one third of said property, and the remaining two thirds shall be divided equally among the three children of the testator by his second marriage. Under these provisions of the will, did the surviving widow take a life estate or title in fee simple?

A similar question has been presented to this court a number of times. *Busby v. Busby,* 137 Iowa 57; *In re Will of Weien,* 139 Iowa 657; *Brunk v. Brunk,* 157 Iowa 51; *Price v. Ewell,* 169 Iowa 206; *Staack v. Detterding,* 182 Iowa 582; *Jones v. Clyman,* 193 Iowa 1248; and other like cases.

We have had occasion to review our previous holdings in the quite recent case of *Vaughn v. Converse,* 184 Iowa 891, and it is unnecessary that we repeat the discussion contained in the opinion in said case. The provisions of the will in the *Vaughn* case are strikingly similar to the provisions of the will in the case at bar. By the terms of the will in the *Vaughn* case, the testator gave and devised all his real and personal property, of every kind and description, to his wife, to have, hold, and control the same, "so long as she remains my widow." Another paragraph of the will provided that, in the event the widow should remarry, then she should receive one third of all his real and personal property, and that the residue thereof should be equally divided among his children. In a codicil to the will, the testator gave to the wife the express power to sell and convey his real estate and execute a deed therefor, the same as if he were living. The provisions of the will in the instant case are identical

in effect with those in the *Vaughn* case. The testator gives to his wife all his real and personal property. He provides that she shall not be restricted in the control, management, or sale of the same, so long as she remains his widow. He provides that, if she shall marry again, there shall at once be an accounting, and that she shall be allowed to retain one third of the property, and that the remainder shall go to designated beneficiaries.

In the *Vaughn* case, we held that the intent of the testator was to devise a fee, subject to the condition respecting remarriage. As in the *Vaughn* case, in this case there is no provision for any disposition of the remainder after the death of the wife. It is only after remarriage.

The distinction between a will of this kind and the will considered by us in the *Brunk* case and in the *Price* case is clearly pointed out in the *Vaughn* case. In respect to the provisions in the will conferring upon the wife the power to sell and convey the real estate, as being wholly unnecessary if it was the intent of the testator to devise a fee, we said, in the *Vaughn* case:

"The suggestion is not without its significance. But, in view of the fact that the will burdened the wife's fee with a condition, breach of which would defeat the title, the codicil can fairly be construed as intending to suspend such condition in favor of a purchaser, and to permit a sale and conveyance during the widowhood without subjecting the title in the hands of the purchaser to the menace of the condition."

We think there is no escape from the conclusion that the testator by this will created a base or determinable fee in his surviving widow, subject only to the condition against remarriage, which condition became ineffective; that the widow died seized in fee simple of the real estate; and that, upon her death, intestate, the same passed to her heirs, the grantors of the appellee.

II. The remaining question in this case relates to the rights, if any, of the appellants under the fourth paragraph of the will of the testator, which paragraph is as follows:

"It is my desire and request that as soon as the money can be raised out of my estate without sacrifice or detriment to the family living, one hundred ($100.00) dollars to be given to

2. WILLS: con-
struction: prec-
atory words.

each of my three daughters by a former mar-
riage, their names and present abodes are as
follows: Mrs. R. B. Thomas, New York; Mrs.
Gertrude Bergman, Youngstown, Ohio; Anna Laughlin, Cleve-
land, Ohio. And the executrix of this will is hereby directed
to provide the money and make the said payments.''

It is contended that the provisions of this paragraph of
the will are precatory, and that the beneficiaries named therein
acquired no absolute right to the payment of the bequests. This
contention is based upon the use of the words:

''It is my desire and request that as soon as the money
can be raised out of my estate without sacrifice or detriment
to the family living, one hundred ($100.00) dollars to be given
to each of my three daughters by a former marriage.''

In *Porter v. Tracey*, 179 Iowa 1295, we said:

''It is true that compliance with a testamentary provision
which is precatory only is not compulsory, but, before the court
will so construe the testator's language, it must clearly appear
that such was his meaning. The words, 'I desire,' are found
very frequently in wills, and while, in some cases, they have
been held to express a mere wish, as distinguished from a com-
mand, they have much more often been accorded the effect of a
specific direction, which is binding upon the executor and upon
the beneficiaries. For example, see the following illustrative
cases, collated in Vol. 3, Words & Phrases, 2028: 'I desire' has
been held to be 'the equivalent of a positive direction.' *Stewart
v. Stewart*, 61 N. J. Eq. 25. It should be construed as a com-
mand in polite form (*Weber v. Bryant*, 161 Mass. 400). Equiva-
lent of the words, 'I will.' *Appeal of City of Philadelphia*, 112
Pa. 470. See, also, *Oyster v. Knull*, 137 Pa. 448; *Brasher v.
Marsh*, 15 O. St. 111; *In re Pforr's Estate*, 144 Cal. 121; *Moseley
v. Bolster*, 201 Mass. 135; *Trustees of Pembroke Academy v.
Epsom School Dist.*, 75 N. H. 408.''

See, also, *Harrison v. Langfitt*, 158 Iowa 479.

We hold that the words ''desire'' and ''request'' in the
will of the testator are not precatory, but are the equivalent of
a specific direction, and constitute a valid bequest to the bene-
ficiaries named.

Stress is laid upon the fact that the will contains a clause

that the said bequest is to be paid "as soon as the money can be raised out of my estate without sacrifice or detriment to the family living." While this provision may be construed as a limitation upon the time when the beneficiaries could demand a right to the enjoyment of the bequest, it does not defeat the bequest itself. This is made very evident by the concluding clause of this paragraph, which is as follows: "The executrix of this will is hereby directed to provide the money and make the said payments." The paragraph of the will in question created a bequest to the legatees named, and directed the executrix to provide the money and make said payments out of the estate of the said testator. The time when this should be done was left largely to the determination of the executrix, the evident thought and purpose of the testator being that the executrix should not be embarrassed by a demand for the payment of these legacies at an inconvenient season, or when it might be a detriment to the needs of the surviving family. But this provision as to the time of payment did not limit or defeat the bequests to the beneficiaries.

In her final report, the executrix stated:

"That the executrix has not yet paid said bequests, as requested in said will, for the reason that the money cannot be raised out of the estate, without sacrifice or detriment to the family living, but that she proposes to pay said sums whenever she disposes of the real estate owned by the said testator at the time of his death."

This was a recognition by the executrix of the validity of the said bequests, and was consistent with the provisions of the will in regard to the payment of these bequests under conditions that might be detrimental to the family living.

We hold that the will gave a bequest of $100 each to the appellants, which should have been paid by the executrix out of the proceeds of the estate of the testator. Said bequests, however, were not made a specific charge against any property of the testator's, either real or personal. The general direction to the executrix is to provide the money and make the said payments, and it would necessarily follow that this must be done out of the general assets of the estate. There being no specific charge against

3. WILLS: rights of legatees: charge on property.

the real estate of which the testator died seized, no lien attached to said real estate in behalf of the beneficiaries. The appellee, having acquired title to said described real estate from the heirs at law of the widow, who held title to the same in fee simple, holds the said title free of any claim, lien, or charge in behalf of the said beneficiaries, as none was created against said land.

It follows that the decree of the district court quieting title to said described real estate as against the appellants was correct, and the said decree is affirmed.

III. In the matter of the estate of Dewhirst, submitted with the action to quiet title, the appellants filed an application for an order setting aside the approval of the final report, and prayed the appointment of an executor, to 4. EXECUTORS AND ADMINISTRATORS: carry out the provisions of the will of the said accounting and settlement: pro- testator and pay the legacies provided in said ceeding. will. The said application recites the making of the will, and the terms thereof respecting the bequests of $100 each to the appellants, and alleges that the executrix in said estate filed an inventory on May 17, 1916, from which it appears that, more than one year after the appointment of said executrix, there remained in her hands the sum of $636.47 in cash, and certain shares of stocks, and household goods. The appellee moved to strike the said application on the ground that the same showed on its face that the estate had been fully settled and the executrix discharged on September 25, 1916, and that the court no longer had jurisdiction of said estate. It was stipulated that the final report of the executrix was filed May 18, 1916; that an order was duly entered by the court, fixing the method of service of notice on said final report; that notice was given in accordance with said order, and proof thereof duly filed; and that the final report was duly approved on September 25, 1916. The application to reopen the estate was filed October 20, 1920. It also appears that the real estate referred to was the homestead of the testator at the time of his death, and was worth about $3,000.

The trial court sustained the appellee's motion, and struck from the files the application to reopen said matter in probate.

Our statute, Code Section 3261, provides that the hearing

of any matter in probate requiring notice shall be had only in term time, or at such time and place as the judge may appoint. Code Section 3262 provides that, when a judge fixes a time and place of hearing in probate, he shall direct what notice shall be given, and no hearing shall be had until proof is made of the giving of such notice. In this case, an order was entered directing the notice that should be given, and the time and place of hearing on the final report of the executrix, and it was stipulated that the notice so prescribed was given, and that proof of the same was duly filed before the final report was approved. This gave the trial court jurisdiction to pass upon said final report. The final report did not, in terms, contain a refusal on the part of the executrix to pay the legacies of the appellants, but did contain a statement that the executrix would pay the same out of the proceeds of the sale of the real estate when it was disposed of. No objection was filed by these appellants to said final report prior to or at the time of the hearing thereon, nor was any application made to reopen said matter until more than four years after the said final report had been approved. In the meantime, the widow, who was the executrix of the estate of the testator, had died intestate; and, so far as appears from the record, full distribution has been made of all of the assets of the estate of said testator.

Code Section 3398 is as follows:

"Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court."

Code Section 3399 is as follows:

"Any person interested in the estate may attend upon the settlement of his accounts and contest the same. Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application."

Under these sections, the appellants are in no position now to insist upon the sustaining of their application to reopen the estate of the said testator and correct the mistake made in the settlement by the failure to pay the legacies provided for them. If said mistake in final settlement may now be corrected, under

the statute, it can only be done by an equitable proceeding, on a showing of such grounds as will justify the interference of the court. As bearing on this question in the construction of the statute, see *Bradbury v. Wells,* 138 Iowa 673.

The trial court did not err in sustaining the appellee's motion to strike the appellants' application to reopen the estate of the testator.

The decree of the trial court is, in all respects,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.