MARY CONVEY and JAMES CONVEY v. ANNA MURPHY and Others, Defendants, and CHARLES MURPHY and Others, Appellants.

**Wills:** CONSTRUCTION: LIFE ESTATE. A will devising to the widow all of testator's estate for her support and that of the minor children, and in case of her death before the minor children reach their majority or become able to support themselves the estate to be kept for their support, and upon the death of the invalid children prior to the death of the widow then the estate upon her death to be equally divided among the surviving children, vested the widow with a life estate simply; and upon her failure to elect to take under the will she took a distributive share under the statute.

**Same:** PARTITION: DISTRIBUTION OF ESTATE. Under the foregoing provision of the will in question it is *held,* that upon the death of the widow leaving an invalid minor child it was the purpose of the testator that such child should be provided for during its entire disability, regardless of age, and that the other minors were not to be supported from the estate after arriving of age; and that upon partition provision should be made for keeping two thirds of the estate for the support of the invalid, and upon its death distributed among the surviving children, the other one-third going immediately to such children.

**Partition:** ATTORNEYS' FEES. Where there is a contest in partition proceedings over the title to the property, and both parties employ attorneys, fees are not taxable to the estate in favor of the plaintiff's attorneys.

*Appeal from Keokuk District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, MARCH 13, 1912.

THE facts are stated in the opinion.—*Modified* and
*affirmed.*

*Talley & Hamilton,* for appellants.

*Yoss & Wallace* and *Stockman & Baker,* for appellees.

SHERWIN, J.—This action was brought for the parti-
tion of three separate and distinct tracts of real estate.
One farm, known as the home farm, consists of a quarter
section; another is an eighty lying across the road south
of the east part of the quarter; and the third a forty, being
in another section some distance from the other two pieces.
The plaintiff Mary Convey is the daughter of Richard
and Catharine Murphy, and her coplaintiff is her husband.
The defendants Anna· Murphy (who is now Mrs. .Anna
Bair), James Murphy, Teresa Murphy, Charles Murphy,
Winifred Murphy, Margaret Murphy, and Loretta Murphy
are also children of Richard and Catharine Murphy, some
of whom are minors.    C. J. Simmons is the administrator
of the · estates of John Murphy and Lawrence Murphy,
deceased sons of Richard and Catharine Murphy.    C. L.
Jarvis is administrator *de bonis non* of the estate of Rich-
ard Murphy, and Hugh Brady is the administrator of the
estate of Bernard Murphy, another deceased son of Rich-
ard and Catharine Murphy.    Richard Murphy died in
August, 1906, leaving surviving him his widow, Catharine
Murphy, and the eleven children named above.    He was
the owner of the land in controversy and of personal prop-
erty of the value of about $3,000.    At the time of their
father's death, Lawrence, Bernard, John, and Charles
Murphy were all helpless minor invalids.    John died in
January, 1907, before the death of his mother; Lawrence
died in September, 1907; and Bernard died in March,
1909.    The death of Catharine Murphy occurred in July,
1907; hence Lawrence and Bernard died after their

mother. Richard Murphy left a will, which was duly probated, and his estate was fully settled and the administrator discharged. Catharine Murphy died intestate, as did also the three sons; none of them leaving heirs, other .than the remaining children of Richard and Catharine. After directing the payment of his debts, the will of Richard Murphy provided literally as follows:

Second. I give, devise and bequeath to my wife Catharine all my estate personal and real for the support of herself and minor children, in case she should die before my children reach their majority or are unable in any way to provide for themselves I direct that the estate be kept for their support. In case my invalid children should die before my wife's decease then I direct that after the decease of my wife that the property be equally divided between and among all my children then living.

The trial court found that this will gave to the widow a life estate only, and that as she had not elected to take. thereunder she took a third interest in fee in the estate under the statute. It was further found that the one-third interest belonging to Catharine Murphy should be partitioned among the owners thereof, and that said undivided one-third interest could not be set off in kind without great damage to the estate, and that all of the lands left by Richard Murphy should be partitioned by sale of the same and division of the proceeds. It was further held that, by the provisions of the will, a trust was created of the remaining two-thirds of the said property in favor of the minor children, Charles Murphy, Winifred Murphy, Margaret Murphy, and Loretta Murphy, for their support until they attain their majority. It was ordered that two-thirds of the net proceeds of the sale of all of said real estate should be paid to C. L. Jarvis, as trustee of the estate of Richard Murphy, and that he should use so much of the income therefrom as was necessary for the

1. WILLS:
   construction:
   life estate.

support of said minors, and that any part of said income not needed or required for the support of said minors should be, from time to time, distributed among the owners thereof under the order of the court, and that when the youngest of the said children then living should attain its majority the said two-thirds, with its accumulations, should be equally divided among the eight living children, parties to the action. Other provisions were made in the decree, which we need not more particularly notice at this time. The plaintiffs and a part of the defendants appeal. The defendants, having first appealed, will be designated herein as appellants.

The real controversy arises over the question whether the will of Richard Murphy gave to his widow an estate in fee in all of his property, or merely a life estate, and it is to this question that the parties have devoted the greater part of their respective arguments. Under the well-established rules for the construction of wills, we think there can be little doubt as to the intent of the testator to give his wife a life estate only. While he used the words "give, devise and bequeath," he, in the same sentence, limited the bequest to use of the property for the support of herself and minor children. No power of disposition for any other purpose was given in this sentence. The bequest as certainly provided for the support of his minor children as it did for their mother, and if that language stood alone it is clear to the writer that the widow could find no authority thereunder for so disposing of the estate as to deprive the children of support, which she could undoubtedly do, were the devise absolute. But we need not rest on that sentence alone; for the testator's intent is further manifested by the language that immediately follows: "In case she should die before my children reach their majority . . . I direct that the estate be kept for their support." This was not merely a request that the children be cared for by the wife's estate in case of her death. The

testator had already provided absolutely for their support jointly with the support of their mother, and his further direction was that, upon the mother's death, they have the sole use of the estate for their support—a positive and unequivocal direction wholly inconsistent with any thought of vesting a fee-simple estate in the widow. Nor was this all that the testator did to make plain his meaning and intent to give his wife a life estate only. In the last clause of the paragraph is this direction: "In case my invalid children should die before my wife's decease then I direct that after the decease of my wife that the property be equally divided between and among all of my children then living." Read as a whole, the second paragraph of the will clearly evinces an intent to devote the testator's entire estate to the support of his widow and minor children (among whom were the invalid children) during the life of the wife and the minority of the children, and thereafter to those of his children then living. An absolute bequest to the wife would be inconsistent with all three of these provisions of the will, and to hold that the widow took the entire estate in fee simple would defeat the plain intent of Richard Murphy. The will falls within the rule announced in *Pool v. Napier*, 145 Iowa, 699, and cases therein cited for the majority opinion, and in *Jordan v. Woodin*, 93 Iowa, 453, and *Iimas v. Neidt*, 101 Iowa, 349.

It is conceded by all parties that if the will did not vest absolute title in Catharine Murphy, she was entitled to one-third of the estate under the statute, and that such one-third was subject to partition. The appellants' most serious complaint on this point is of the order for final distribution of the remaining two-thirds, when the four minors become of age, and of the order requiring a sale of the entire real estate for the purpose of partition. As we have said, the primary object of the testator was to provide support for

2. SAME: partition: distribution of estate.

his minor and invalid children, and his greatest concern was for the unfortunate ones; for he said, in effect, that if none of the afflicted children were living when his wife should die the estate should then be divided among the others. In the first part of the paragraph, it seems to have been his thought that as long as it was necessary to keep the estate together for the support of the invalids it should also be charged with the support of the minor children, and we think the district court was right in so holding. But the court seems to have disregarded the further provision of the will that the estate was to be charged with the support of the invalid children, so long as their disability rendered them unable to support themselves, which, we think, is the fairly expressed intent of the testator. The will was not skillfully drawn, but, considered as a whole, we think it apparent that the crippled children were to be cared for during their disability, regardless of their age; and it is equally as manifest that when the other minors became of age they were no longer to be supported from the estate as a whole. Charles Murphy, who is now about fifteen years old, is the only remaining cripple among the children, and from the history of the malady that has afflicted these unfortunate children it is not likely that others of the minors will suffer the same affliction. We are of the opinion, therefore, that the decree was right, so far as it affects the minors, other than Charles Murphy, but that as to him it should be so modified as to keep the remaining two-thirds of the estate in trust for his support during the continuance of his disability, regardless of the question of his age. The remainder of the income therefrom may be distributed as provided by the decree below—that is, in proportion to their interests —and upon the death of Charles Murphy, said two-thirds will be distributed as ordered in said decree. While there may be some doubt as to the necessity of selling the whole of the land for the sole purpose of partition, we are of the

opinion that such a course will best subserve the interests of all concerned. If the homestead quarter were to be kept for the purpose of effecting the objects of the will, it would, under the circumstances present here, necessarily entail trouble and expense, which would prove a detriment to all.

C. L. Jarvis was appointed administrator *de bonis non;* but it is contended that he was never appointed a trustee for the purpose of executing the trust provided for in the will and the decree of the district court. Jarvis, as such administrator, was brought into this action as a party defendant by order of the court, for the reason that he, as a trustee, was interested in the litigation. The estate of Richard Murphy had theretofore been fully administered upon, and the original administrator had been discharged. The defendants and all parties treated Jarvis as a trustee, and no question relative thereto seems to have been raised in the lower court. The court found that he had, in fact, been appointed a trustee under the will, and we are not disposed to interfere with such finding. His official name is unimportant if he was, in fact, appointed a trustee, and we think it is fairly shown that he was, and that it was so understood.

It was ordered that attorney's fees be taxed for the plaintiffs under the statute, and of this the appellants complain. We think the order erroneous. These plaintiffs had litigated the validity of this will

3. PARTITION: attorneys' fees.

before the present action was brought. See 146 Iowa, 154, and in that action there was a judgment against their contentions. In their petition in the present action they alleged that the will gave the widow an estate in fee, and claimed a partition of the whole land on this basis. The defendants resisted this claim, and it was on the issues thus formed that this case was tried and determined. There was a contest then as to the plaintiffs' present interest in the estate and as to their right to have

the entire estate partitioned, and there being such a contest the plaintiffs were not entitled to have their attorney's fees paid from the estate. *Duncan .v. Duncan,* 63 Iowa, 150; *Everett v. Croskrey,* 101 Iowa, 17; *Hawk v. Day,* 148 Iowa, 47. But the appellees say that they are entitled in any event to have their attorney's fees, taxed on a basis of the partition of the one-third interest of which the widow died seised, because there was no contest over that matter. They were not willing to submit such a case to the court, however, but claimed that the widow took the whole estate in fee, and demanded that their interest therein be set off to them, and having failed in that they can not now be allowed any part of their attorney's fees.

Appellees have submitted a motion to dismiss the appeal, because notice thereof was not served on some of the appellants' codefendants. It appears, however, that all parties in interest were properly served in due time; hence the motion is overruled.

The judgment is *modified* and *affirmed.*