FRED C. HORAK, Appellant, v. ALFRED STANLEY et al., Appellees.

No. 41943.

JUNE 20, 1933.

George F. Buresh, for appellant.

B. L. Wick, for appellees.

STEVENS, J.—Mary Stanley Horak, on November 4, 1931, died testate without issue, survived by her husband, appellant herein, and two brothers. The controversy is as to the estate devised by her will, which is as follows:

"Mary Horak 10-23-31.

"I wish to leave my husband, Fred Horak, all property both real and personal, for his perfectly free use during his lifetime.

There are a few family heirlooms that I want handed unto my nephews and niece, Robert Maurice Stanly, James Sidney Stanly and Catherine M. Stanly.

"Mary Stanley Horak.

"Witnesses

"Alice I. Ross

"Lucy Findull."

It is the claim of appellant that the foregoing instrument devised the fee to the real estate to him. The question is a somewhat narrow one and involves only the ascertainment of the intention of the testatrix. The will was written by a layman without regard to technical legal accuracy. The intention of the testatrix must be gathered from the instrument which is obviously without any ambiguity. The devise is of the perfectly free use of the real and personal property of the testatrix during the lifetime of the devisee.

It is contended by appellant that a gift of real estate for life without a gift over passes the whole estate to the devisee. This contention assumes too much. It overlooks the cardinal rule of construction which is the ascertainment of the intention of the testator. If the devise be construed as to a life estate only, intestacy as to the fee follows as a matter of course. Wills will be construed, where it is possible to do so and give full effect to the intention of the testator, so as to avoid intestacy. We said in Busby v. Busby, 137 Iowa 57, 114 N. W. 559, 561, that:

"The voice of authority is against the presumption of partial intestacy by intention; and where possible such construction will be given a will presented as to work disposition of the entire estate."

This rule is not, however, one of law, but a rule of construction in aid of the discovery of the testator's intention. In re Rogers Estate, 245 Pa. 306, 91 A. 351, L. R. A. 1917A, 168. Necessarily, it does not follow as a matter of law that a will devising a life estate will be interpreted as a devise of the fee simply because to otherwise interpret it would work intestacy as to the remainder. It is the intention that governs in such cases. Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25; Central Trust Co. v. Langan, 197 Iowa 1202, 198 N. W. 652; Paxton v. Paxton, 141 Iowa 96, 119 N. W. 284; Steiff v. Seibert, 128 Iowa 746, 105 N. W. 328, 6 L. R. A. (N. S.) 1186.

320

The intention of testatrix to give her husband the life use of all her property, real and personal, is clearly expressed in the instrument. It will permit of no other reasonable construction.

Reliance is placed by appellant upon Lachmund v. Moore, 192 Iowa 980, 181 N. W. 4. We find nothing in the language of the court in this case that is in any way contrary to what is said above. Indeed, the rule, universal in its application, which requires that effect be given to the intention of the testator, is not only recognized, but applied, in the cited case. In a large measure, each case must be determined according to the terms of the instrument involved. The mere failure of testatrix to dispose of the remainder is by no means necessarily controlling or conclusive as to her intention, if otherwise expressed. The court is bound to ascertain and follow her intention as expressed in the will. Testatrix may have preferred that the fee should pass to her brothers as her heirs at law rather than as devisees under her will. We are satisfied that the instrument was properly construed by the trial court, and it follows that the judgment and decree should be, and it is, affirmed. —Affirmed.

KINDIG, C. J., and ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.