F. Anderson, Appellant, v. Robert B. Gifft et al., Appellees.
Robert B. Gifft et al., Appellees, v. Frances Anderson,
Appellant.

No. 45198.

November 19, 1940.

H. S. Hunn, for appellant.

Walter Canady, E. C. Schroeder, Dyer, Jordan & Dyer, and L. A. Reed, for appellees.

HALE, J.—This is a partition suit, the principal issue being the interpretation of a will to determine the persons to whom title to the real estate passed thereunder, and consequently, the share of ownership. Two suits were commenced, one by appellant and one by certain appellees, but the suits were consolidated for trial and decision by the trial court. The plaintiff in the first suit, Frances Anderson (appellant), is hereinafter designated as plaintiff. Plaintiff claimed that the widow under the will acquired a fee-simple title. The defense is a contrary interpretation of the will.

The court held that the particular clause of the will created a life estate and the title passed by intestacy to the testator's children but no title passed to his widow.

S. N. Gifft became the owner of the 80 acres in controversy in 1896. He died in 1905 and his will was admitted to probate in Boone county and his estate administered by that court. His will provided first for the payment of debts, and,

"Second: I hereby give, devise and bequeath unto my beloved wife, Martha L. Gifft, all of the property, both real and personal, that I may die seized or possessed of, to have use and control in her own right, as long as she remains my widow, but in case she shall remarry, then I direct that at the time of her marriage, the property, both real and personal, then remaining be divided as follows: to my said wife, Martha L. Gifft, a one-third share of all the property both real and personal, and the remaining two-thirds, to my children that may be alive at that time, share and share alike."

Third, he designated his wife to be the executrix of the estate. Martha L. Gifft qualified as executrix and at the close

of administration executed and filed a final report in which she stated:

"That by the last Will and Testament of said deceased she was given the use of all the property of said estate." Also,

"That she has paid all debts and charges against said estate, as hereinafter shown, and has paid all taxes on the real property belonging to said estate, and has all of said property on hand substantially as shown by said inventory, and holds same as widow of the decedent under the terms of said will."

At the time of Mr. Gifft's death he was survived by his wife, Martha L. Gifft, and by Dora Gifft Moxley, Robert B. Gifft, Merrill C. Gifft, Clarence E. Gifft, Prudence A. Gifft, Edwin Gifft, and Edna F. Gifft, his children. In the interval between 1905 and 1936 Dora G. Moxley, and Edna F. Gifft who intermarried with Iver Sandeen, died. Dora G. Moxley, at her death was survived by her second husband, George Frampton, and by Undine Moxley Whitlock, Mina Moxley McIlvain, Almon Moxley, Loren Moxley, and Clarence Moxley, as her children. Edna G. Sandeen died survived by Iver Sandeen, her husband, and by Isabel Sandeen Good, Clarence Sandeen, and Robert Sandeen, as her children. Iver Sandeen remarried and subsequently died survived by Margaret Newman, as his widow, and by Isabel Sandeen Good, Clarence Sandeen, Robert Sandeen, and Adella June Sandeen, his children. (Note that Adella June Sandeen is a child by his wife Margaret, who later married Arthur Newman.)

On April 16, 1915, Merrill C. Gifft, who was a son of the decedent S. N. Gifft, conveyed to Martha L. Gifft, an undivided one-seventh interest in the premises involved for an expressed consideration of $1,250.

On January 30, 1936, Martha L. Gifft died without having remarried. Her will was admitted to probate and her estate administered. Her will provided first for the payment of her debts, and:

"Second: All the rest, residue and remainder of my estate, both real and personal, and wherever situated, I will, devise and bequeath to the children of my body who shall be living

at the time of my decease, share and share alike. It being my intent that only my natural children living at my decease shall share in my estate.''

The will named her son Merrill C. Gifft as executor. At the time of her death she owned, aside from the farm land here involved, two town lots not involved in this controversy. Her living ''children of her body'' and her ''natural children'' were Merrill C. Gifft, Robert B. Gifft, Clarence E. Gifft, Prudence Bracklow, and Edwin Gifft.

On May 7, 1936, Merrill C. Gifft died, unmarried, leaving no will, and Howard M. Gifft, a son, was his only heir. His estate was administered in Polk county, and closed on September 6, 1938. The supplemental report filed in the estate of Merrill C. Gifft, deceased, corrects the original inventory and states that he owned an undivided one-thirty-fifth interest in the property in controversy. On September 6, 1938, Howard M. Gifft and wife conveyed their undivided interest in the farm property here involved to Frances Anderson.

On September 8, 1938, Frances Anderson started this suit by filing petition in equity (No. 20939) for the partition of the farm land. The petition also asked for an accounting as to the rents and profits from the said property. On September 12, 1938, a petition was filed by Robert B. Gifft, Clarence E. Gifft, Prudence Bracklow, and Edwin F. Gifft, and their nieces and nephews except Howard M. Gifft (being all of the living descendants of the deceased Martha L. Gifft, except Howard M. Gifft), and their spouses, to partition the farm land, with Frances Anderson named as the only defendant, which said action is equity No. 20947. These two suits were consolidated. (Two other suits, equity Nos. 20938 and 20948, involved other property and, though referred to, they are not involved.)

▮▮ Under the facts as stated, plaintiff Frances Anderson claims that she is entitled to one fifth of the real estate, while under defendants' contention she would be entitled to one thirty-fifth. The issues are concisely stated by the trial court in its opinion:

''The question at issue can readily be anticipated; for it is the familiar one of whether or not the will of S. N. Gifft above

quoted devised to the surviving widow Martha L. Gifft an estate in fee, or created merely a life estate, subject to which the remainder passed by descent to the then seven surviving children of the testator. Frances Anderson * * * claims that the widow acquired title in fee, but subject to being divested thereof in case of remarriage as indicated in the will; whereas the adversary parties * * * claim that the widow Martha L. Gifft took only a life estate, subject to which each of the then living children (seven in number) took by inheritance an undivided seventh share in fee. In short, plaintiff claims to be the owner of the one-fifth interest which she claims Merrill C. Gifft acquired under his mother's will; whereas the defendants claim that the only interest held in fee by the mother at her death was the one-seventh interest conveyed to her in 1915 by her son Merrill, and that on her death he in turn re-acquired a one-fifth of the one-seventh, or a final fractional interest of a one-thirty-fifth of said title, which they concede is now held by the plaintiff.''

As above stated, the court adopted the theory of defendants, and plaintiff appeals.

The plaintiff urges that the section of the will in question created an absolute title in fee simple in Martha L. Gifft, which defendants deny. Numerous citations from our decisions are cited by both plaintiff and defendants, but it is difficult in some instances to reconcile the varying opinions. We cannot, however, within the limits of this opinion, undertake an analysis of all so cited. Many do not relate to the exact question to be determined, as in Anderson v. Crawford, 202 Iowa 207, 207 N. W. 571, 45 A. L. R. 1216, which refers only to a provision in the will as not constituting an undue restraint of marriage. In many of the wills considered, however, and in the endeavor to apply the rules to this case now under consideration, it should be remembered that in some cases, in addition to the particular clause interpreted, there were others which limited or influenced its application, and hence arose part of the apparent disagreement in different cases. The case of Busby v. Busby, 137 Iowa 57, 114 N. W. 559, held that a devise and bequest to the wife, conditioned on her remaining a widow, conveyed a fee title, the holding being based on a construction made to avoid partial in-

testacy. This case has been cited many times, but an analysis of the holdings therein, in Staack v. Detterding, 182 Iowa 582, 161 N. W. 44, L. R. A. 1918 C, 856, throws light on some of the language used. (It was declared in the Busby case that a devise by a testator to his widow, conditioned only against remarriage, carries a fee-simple title.) The Staack case [182 Iowa 582, 161 N. W. 44, 46, L. R. A. 1918C, 856] states at page 588:

"It may be thought that this statement is not strictly accurate, in view of our other holdings, in the cases before cited, that it is generally held that such a devise is only a life estate. We think it is true where, as in the instant case, the will devises a *fee-simple title* to the widow provided she remains unmarried, does devise a fee. And such, we think, was the meaning by Mr. Justice Bishop in his statement just quoted; for he cites, to sustain his proposition, [citing and analyzing cases]." (Italics ours.)

· Such was the interpretation of the Busby case by this court in 1917. It will be noticed that the will considered in the Staack case, cited and argued by plaintiff, used the specific words "in fee simple". The Busby case was decided in 1908. In 1912, however, the court passed upon the case of Brunk v. Brunk, 157 Iowa 51, 137 N. W. 1065, in which the devise was to the testator's wife, while she remains his widow, and the court affirmed a decree of the district court construing the devise to be a life estate only. Price v. Ewell, 169 Iowa 206, 151 N. W. 79, decided in 1915, holds that a will where the words used are "to have and to hold in her exclusive right so long as she shall remain unmarried", created a life estate only, distinguishing the Busby case, the will in which, it is stated, purported to devise all of the testator's estate, and this apparent purpose would have been defeated by a contrary holding. Brunk v. Brunk, supra, Convey v. Murphy, 154 Iowa 421, 134 N. W. 1065, and Archer v. Barnes, 149 Iowa 658, 128 N. W. 969, are cited in the Price case as sustaining the holding of the court that a devise of real estate to a widow is a life estate, subject to being terminated by remarriage.

Plaintiff cites as sustaining her view, Vaughn v. Converse, 184 Iowa 891, 169 N. W. 144. The will in that case was similar

to the one in the present case in that it provided for the disposition of the property in the event of the widow's remarriage, but no provision was made for its disposition after her death without remarriage. The holding of the court was that there was a devise of a fee, subject to condition against remarriage. There were, however, some differences, including a codicil granting power to convey testator's real estate. The decision is based on the intent of the testator as shown by the will with but few citations of authorities, influenced to a considerable extent by the fact that the court held that there was intestacy as to the disposal of the remainder. The case of Jones v. Clyman, 193 Iowa 1248, 188 N. W. 954, was decided in 1922. This case in construing a provision of a will similar in general character to the provision of the will in controversy, lays down certain general rules. The clause of the Clyman will granted to the wife "full and absolute control of all my property, both real and personal, to have and to use, and sell and convey and make conveyance of for her own use and that of my children so long as she shall remain my widow. But in case she fails to remain my widow, I will that the property all be kept together until the youngest child is of age when my wife Ella Clyman may take her dower interest in the property, and the remainder to be divided equally among my children then living." The court in passing upon this clause states [Jones v. Clyman, 193 Iowa 1248, 1254, 188 N. W. 954, 956]:

"That a devise to the widow of a testator, to continue so long as she remains his widow, vests her with a life estate (subject, of course, to its extinguishment by another marriage) is too thoroughly and definitely settled to justify the taking of time for a discussion of the authorities. See, for example, [citing authorities]. We find nothing in this will to except it from the operation of the general rule to which we have adverted."

This case refers to intestacy as to part of the property, reference to which will be made hereafter.

In the same year, 1922, the case of Phelps Mtg. Co. v. Thomas, 194 Iowa 1078, 190 N. W. 399, was decided. The decision is based on the intent of the testator, and follows the Vaughn case in its holding that there was devised a base or determinable fee,

subject to the condition against remarriage, and adopts the reasoning in that case, citing the Busby and Staack cases. It is a decision which is somewhat difficult to reconcile with other holdings of this court in like cases. There is no extended discussion, but it is determined as following the Vaughn case on account of the similarity in the provisions of the will in issue in each case. There was a provision that the widow should not be restricted in the "control, management or sale of the same" so long as she remained his widow, and a further provision that if she married again "there shall at once be an accounting and that she shall be allowed to retain one-third of the property" and that the remainder shall go to designated beneficiaries. Reference is also made in the Phelps case to In re Will of Weien, 139 Iowa 657, 116 N. W. 791, 18 L. R. A., N. S., 463. That case is of very little help for the reason that the provisions are not identical, the grant in that case giving the wife full power to "sell, exchange, invest, or re-invest the same in the same manner I might do if living, and to distribute the same by gift or otherwise among my children as she may deem best according to her own best judgment". The court held that notwithstanding the use of the words "during her natural life" the provision as to her rights in the property was so extended that it was only by the barest inference that it could be said that her title was a life estate and that this was negatived by other provisions of the will.

In most if not all of the cases determined by this court, where the finding was that the will conveyed a fee simple or a base, or conditional fee under a devise of the life estate, an important factor was intestacy of the remainder, but we believe that the more recent decisions of this court do not attach to that fact great importance in determining the intent of the testator. This is shown in the case of Horak v. Stanley, 216 Iowa 318, 249 N. W. 166, decided in 1933. There was here no provision against remarriage, but the estate created was for life with no gift over. In that case there was claim of a fee for this reason, that the will made no provision for the remainder. This was stated in other cases to be important in determining that the testator intended to grant a fee simple, or, where a condition against remarriage occurred, a base or determinable

fee. On this proposition the language of the court in the Horak case [216 Iowa 318, 319, 249 N. W. 166] is interesting:

"It is contended by appellant that a gift of real estate for life without a gift over passes the whole estate to the devisee. This contention assumes too much. It overlooks the cardinal rule of construction, which is the ascertainment of the intention of the testator. If the devise be construed as a life estate only, intestacy as to the fee follows as a matter of course. Wills will be construed, where it is possible to do so and give full effect to the intention of the testator, so as to avoid intestacy. (Citing the Busby case.) * * * This rule is not, however, one of law, but a rule of construction * * *. In re Rogers Estate, 245 Pa. 306, 91 A. 351, L. R. A. 1917A, 168. Necessarily, it does not follow as a matter of law that a will devising a life estate will be interpreted as a devise of the fee simply because to otherwise interpret it would work intestacy as to the remainder. It is the intention that governs in such cases. Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25; Central Trust Co. v. Langan, 197 Iowa 1202, 198 N. W. 652; Paxton v. Paxton, 141 Iowa 96, 119 N. W. 284; Steiff v. Seibert, 128 Iowa 746, 105 N. W. 328, 6 L. R. A. (NS) 1186."

We quote the above as indicating the application made by this court of the rule relating to intestacy.

The plaintiff devotes some time and space to this question of the effect of intestacy in the interpretation of the will. Assuming that a will does create intestacy as to all or part of the property, we think plaintiff's contention is controverted by the holding of this court exemplified in the quoted opinion above set out. See also Jones v. Clyman, supra [193 Iowa 1248, 188 N. W. 954, 956], at page 1255, where the court says:

"We find nothing in this will to except it from the operation of the general rule to which we have adverted. Appellants argue that the will makes no provision disposing of the remainder over after the life estate, and that this is an indication of the intent of the testator to devise the fee to his wife. Were this the only circumstance explanatory of the intent of the deceased, the argument would not be without force, but to adopt that construction would render void and meaningless

much of the language of the instrument. It uses no words of devise or gift of the property itself to the widow. What it gives to her is the 'control' of the property, the right to 'have and to use' it and to sell and convey it 'for her own use and that of his children', so long as she 'remains his widow.' The further provision relating to what shall be done with the property in event of the widow's remarriage is of no effect so long as she remains his widow. If that condition never occurs (as it probably will not), the rights of the parties in the testator's estate will be precisely what they would have been had the clause respecting the effect of the widow's remarriage been entirely omitted from the will. If the provision for the benefit of the widow is construed as a devise for life, as we think it must be, then there was necessarily left in the estate a remainder over, and the undevised remainder vested, by operation of law, in the three children who survived the testator."

See also Bankers Trust Co. v. Garver, 222 Iowa 196, 268 N. W. 568; Blackford v. Anderson, 226 Iowa 1138, 1172, 286 N. W. 735, 754, where the court in referring to the rule as to intestacy, and to another rule as to disinheritance, says: "But it must be remembered that they are merely rules of construction, and not rules of law". And see 122 A. L. R., note on page 92, with cases cited.

We have herein noted the principal cases cited and argued by plaintiff and defendants in support of their claims. While there has not been uniformity in the holdings, it is our opinion that the rule contended for by plaintiff is not supported by the majority of the holdings in this state, or other states. As has often been said, the variation in the different wills considered has made it impossible to lay down a rule that will apply to all cases. We are convinced that the rule in Iowa as to intestacy does not control, and that the rule in the Brunk case, as followed in other cases, should determine the result in this case. It seems to us that another construction would be following a rule which we regard as technical and arbitrary, and that the intent of the testator in this case was to convey only a life estate, subject of course to remarriage. As we so construe it we must necessarily follow the division established by the court's decree. We believe that this is in conformity to the

trend of our decisions, and especially to our most recent holdings.

Plaintiff insists that if the will be construed to grant a life estate instead of a base fee, Martha Gifft inherited a one-third share and, by deed from Merrill Gifft in addition thereto, all of which passed to her devisees under her will. But Martha Gifft was duly appointed an executrix under her husband's will and served as such, and filed a final report which was approved on November 28, 1905, and in which she says: "That by the last Will and Testament of said deceased she was given the use of all the property of said estate", and that "she has all of said property on hand substantially as shown by said inventory and holds same as widow of deceased under the terms of said will". Evidence was introduced as to various matters in relation to the understanding and actions of the parties and as showing their acceptance of the provisions of the will. The admission of the testimony is objected to by the plaintiff, but we think it admissible under the plea of estoppel set up by defendants if for no other reason. We may also consider the actions of the widow as shown by the evidence, which has also been adverted to in relation to her acceptance of the terms of the will. We are satisfied that the widow took under the will and did not receive or hold a one-third interest. Code, 1935, sections 11847, 12010; Caldwell v. City of Ottumwa, 198 Iowa 666, 200 N. W. 336; In re Estate of Culbertson, 204 Iowa 473, 215 N. W. 761; In re Estate of Emerson, 191 Iowa 900, 183 N. W. 327.

Other parts of the decree pertain to incumbrances on various shares and are not concerned with the question submitted for our decision. No objection is made as to the disposition of these matters, and they do not need to be considered here, since they would follow as a matter of course the apportionment of the various shares. Nor in view of our decision is it necessary to set out the arithmetical calculation. It is the contention of the various parties as to the manner in which the title is acquired which is in issue, and not the calculation, under the opposing claims.

We are satisfied that the construction and findings of the district court are based upon the proper theory of the case and

that, in conformity with such findings, the decree is correct and should be and is affirmed.—Affirmed.

RICHARDS, C. J., and STIGER, BLISS, OLIVER, and MILLER, JJ., concur.